UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                  )<br>)<br>JEFFREY A. GLAZER,                    )<br>)<br>            Defendant.                        ) | Criminal No.:<br><br>Violation: 15 U.S.C. § 1<br><br>Filed: |

## INFORMATION

### COUNT ONE

(15 U.S.C. § 1)

The United States of America, acting through its attorneys, charges that:

#### DEFENDANT AND CO-CONSPIRATORS

1. JEFFREY A. GLAZER is hereby made a defendant on the charges contained in this Count.

2. During the period covered by this Count, the defendant was Chief Executive Officer and Chairman of Company A, a corporation organized and existing under the laws of Delaware and with its principal place of business in Eatontown, New Jersey.

3. During the period covered by this Count, Company A was a generic pharmaceutical company engaged in the acquisition, licensing, production, marketing, sale, and distribution of generic pharmaceutical products, including doxycycline hyclate and glyburide, and was engaged in the sale of those drugs in the United States. Doxycycline hyclate is a generic antibiotic used to treat a variety of bacterial infections. Glyburide is a generic drug used in the

treatment of diabetes.  Company A is a subsidiary of and conducts the U.S. commercial operations of Company B, a generic pharmaceutical company headquartered in Pune, India.

4. Various corporations and individuals, not made defendants in this Count, participated as co-conspirators in the offenses charged herein and performed acts and made statements in furtherance thereof.

5. Whenever in this Count reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## DESCRIPTION OF THE OFFENSE

6. From in or about April 2013 and continuing until at least December 2015, the exact dates being unknown to the United States, in the Eastern District of Pennsylvania and elsewhere, the defendant and co-conspirators knowingly entered into and engaged in a combination and conspiracy with other persons and entities engaged in the production and sale of generic pharmaceutical products, including doxycycline hyclate, the primary purpose of which was to allocate customers, rig bids, and fix and maintain prices of doxycycline hyclate sold in the United States.  The combination and conspiracy engaged in by the defendant and co-conspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

7. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and co-conspirators, the substantial terms of which were to allocate customers, rig bids, and fix and maintain prices for doxycycline hyclate sold in the United States.

## MEANS AND METHODS OF THE CONSPIRACY

8. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and co-conspirators did those things that they combined and conspired to do, including, among other things:

(a) participated, directed, authorized, or consented to the participation of subordinate employees in meetings, conversations, and communications with co-conspirators to discuss the sale of doxycycline hyclate in the United States;

(b) participated, directed, authorized, or consented to the participation of subordinate employees in meetings, conversations, and communications with co-conspirators to allocate customers or rig bids for doxycycline hyclate sold in the United States;

(c) agreed during those meetings, conversations, and communications to allocate customers for doxycycline hyclate sold in the United States;

(d) agreed during those meetings, conversations, and communications not to compete against each other for certain customers for doxycycline hyclate sold in the United States;

(e) submitted bids, withheld bids, and issued price proposals in accordance with the agreements reached;

(f) sold doxycycline hyclate in the United States and elsewhere at collusive and noncompetitive prices; and

(g) accepted payment for doxycycline hyclate sold in the United States at collusive and noncompetitive prices.

## TRADE AND COMMERCE

9. During the time period covered by this Count, the business activities of the defendant and his co-conspirators that are the subject of this Count were within the flow of, and substantially affected, interstate and foreign trade and commerce. For example, Company A sold substantial quantities of generic pharmaceutical products, including doxycycline hyclate, to customers located in various states in the United States. In addition, substantial quantities of equipment and supplies necessary to the production and distribution of generic pharmaceutical products sold by Company A and its co-conspirators, including doxycycline hyclate, as well as payments for generic pharmaceutical products sold by Company A and its co-conspirators, including doxycycline hyclate, traveled in interstate and foreign trade and commerce.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

## COUNT TWO

(15 U.S.C. § 1)

The United States further charges:

10. Each and every allegation contained in Paragraphs 1 through 5 of Count One of this Information is hereby realleged as if fully set forth in this Count.

## DESCRIPTION OF THE OFFENSE

11. From in or about April 2014 and continuing until at least December 2015, the exact dates being unknown to the United States, in the Eastern District of Pennsylvania and elsewhere, the defendant and co-conspirators knowingly entered into and engaged in a combination and conspiracy with other persons and entities engaged in the production and sale of generic pharmaceutical products, including glyburide, the primary purpose of which was to allocate customers and fix and maintain prices of glyburide sold in the United States. The

combination and conspiracy engaged in by the defendant and co-conspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

12. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and co-conspirators, the substantial terms of which were to allocate customers and fix and maintain prices for glyburide sold in the United States.

## MEANS AND METHODS OF THE CONSPIRACY

13. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and co-conspirators did those things that they combined and conspired to do, including, among other things:

    (a) participated, directed, authorized, or consented to the participation of subordinate employees in meetings, conversations, and communications with co-conspirators to discuss the sale of glyburide in the United States;

    (b) participated, directed, authorized, or consented to the participation of subordinate employees in meetings, conversations, and communications with co-conspirators to allocate customers related to the sale of glyburide sold in the United States;

    (c) agreed during those meetings, conversations, and communications to allocate customers for glyburide sold in the United States;

    (d) agreed during those meetings, conversations, and communications on price strategies, and exchanged information about prices, to accomplish

the agreed upon allocations of customers for glyburide sold in the United States;

(e) submitted price proposals and issued price announcements in accordance with the agreements reached;

(f) sold glyburide in the United States and elsewhere at collusive and noncompetitive prices; and

(g) accepted payment for glyburide sold in the United States at collusive and noncompetitive prices.

## TRADE AND COMMERCE

14. During the time period covered by this Count, the business activities of the defendant and his co-conspirators that are the subject of this Count were within the flow of, and substantially affected, interstate and foreign trade and commerce. For example, Company A sold substantial quantities of generic pharmaceutical products, including glyburide, to customers located in various states in the United States. In addition, substantial quantities of equipment and supplies necessary to the production and distribution of generic pharmaceutical products sold by Company A and its co-conspirators, including glyburide, as well as payments for generic pharmaceutical products sold by Company A and its co-conspirators, including glyburide, traveled in interstate and foreign trade and commerce.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated: 12/12/16

_____
BRENT SNYDER
Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice

_____
LISA M. PHELAN
Chief, Washington Criminal I Section
Antitrust Division
United States Department of Justice

_____
MARVIN N. PRICE, JR.
Director of Criminal Enforcement
Antitrust Division
United States Department of Justice

_____
SONIA MITTAL
MARK C. GRUNDVIG
JOSEPH C. FOLIO III
F. PATRICK HALLAGAN
JASON D. JONES
ELLEN R. CLARKE
Attorneys, Washington Criminal I Section
Antitrust Division
United States Department of Justice
450 5th St. NW, Suite 11300
Washington, DC 20530
(202) 307-6694

_____
ZANE MEMEGER
United States Attorney for the
Eastern District of Pennsylvania
First Assistant U.S. Attorney